# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN MASON, | 1:08-cv-00954-LJO-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JOHN POVEY, Director | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgment and conviction in the Los Angeles County Superior for two counts of first degree murder with an enhancement for the use of a firearm in the commission of the crime. (Exhibit 1, to Answer.) Petitioner was sentenced to two terms of life without the possibility of parole, plus an additional ten years for the enhancement. (Id.)

On May 30, 2007, Petitioner filed a petition for writ of habeas corpus in the Lassen County Superior Court, challenging a prison disciplinary violation he received for conspiracy to murder a peace officer. (Id. at 3.) On August 2, 2007, the Lassen County Superior Court denied the petition. (Exhibit 2, to Answer.)

On June 21, 2007, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was summarily denied on October 31, 2007. (Exhibits 3 & 4, to Answer.)

Petitioner filed the instant petition for writ of habeas corpus on February 4, 2008. Respondent filed an answer to the petition on February 4, 2009. (Court Doc. 22.) Petitioner filed a traverse on March 20, 2009. (Court Doc. 25.)

DISCUSSION

I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner's claims for relief arise out of a disciplinary hearing. Petitioner is confined at the Corcoran State Prison, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

II. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 529 U.S. 362 (2000). Under the AEDPA, an application for writ of habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court

proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166 (2003), *disapproving the Ninth Circuit's approach in* Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000); Williams, 529 U.S. 362. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." Lockyer, 123 S.Ct. at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Harris v. Nelson, 394 U.S. 286, 290 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765 (1995); Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

III.    Review of Petition

Petitioner challenges a prison disciplinary violation in which he was found guilty of conspiracy to murder a peace officer. Petitioner claims that his due process rights were violated because he was not allowed to present witnesses, and was involuntarily transferred to a different institution based on the guilty finding. Petitioner also claims there was insufficient evidence to support the finding of guilt.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).

Respondent initially argues that Petitioner's incarceration was unaffected by the disciplinary action because he did not suffer a loss of any good-time credits. The court agrees. Although Petitioner was initially assessed a penalty of 180-days of loss of good time credits, the violation was vacated and the loss of credit was restored. (Exhibit 3, to Answer, at Exhibit F.) Upon re-hearing and a finding of guilt, Petitioner was not assessed a loss of any good-time credits.

A disciplinary conviction that results in the *loss of good time* credits must be supported by "some evidence" to satisfy due process. However, a habeas petition is not proper when the fact or duration of an inmate's confinement is not at issue. Bedea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (habeas petition no longer proper where petitioner had been released on parole and was not seeking transfer to community treatment center). The Ninth Circuit has found that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). As previously stated and found by the superior court, Petitioner did not suffer a credit loss and there is no cognizable challenge to the duration of his confinement. (Exhibit 2, to Answer.) It appears that Petitioner currently challenges an alleged disciplinary transfer and lack of certain prison activities as a result of the rules violation. However, such challenge does not affect the fact or duration of his confinement, and is more appropriately raised by way of complaint pursuant to 42 U.S.C. § 1983.

In any event, even if Petitioner were subjected to a credit loss, the Hill standard is

satisfied in this instance.  Hill, 472 U.S. at 445.  Petitioner was given notice of the re-issued rules violation report on September 4, 2005, at least twenty-four hours prior.  (Exhibit 1, to Answer, Exhibit B, at A-11-A-12.)  Although Petitioner contends that he was not allowed to present witnesses at his disciplinary hearing, the record belies his claim.  Petitioner requested five witnesses, and provided the investigative employee the list of names and questions to be asked.  (Id. at Exhibit B, at A-14.)  The statements of the witnesses were duly noted and considered by the Senior Hearing Officer ("SHO"), with the exception of witness Sergeant Minnick; however, Petitioner stated that his presence at the hearing was not necessary because he only had one question and it was "really nothing."  (Id.)  At the hearing, Petitioner acknowledged that he received copies of all non-confidential reports which were considered as evidence.  (Id. Exhibit B, at A-11.)  On November 19, 2005, Petitioner received a copy of the written statement of the evidence relied upon and the reasons why he was found guilty of the rules violation.  (Id. Exhibit B, at A-11.)   Nonetheless, because the hearing was not held within thirty (30) days from the date the rules violation was served, the SHO found that "all time constraints and due process requirements HAVE NOT been met."  (Id. Exhibit B, at A-12.)  However, the Constitution only requires that prisoners be afforded those procedures mandated by Wolff; it does not require that prison officials comply with their own more onerous  procedures or time limitations.  See Walker v. Sumner, 14 F.3d 1415, 1419-1420 (9th Cir. 1993), abrogated on other grounds in Sandin v. Connor, 515 U.S. 472 (1995).

In addition, there is some evidence to support the guilty finding.  The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.  Id. at 455-56.  In examining the record, the court is not to make its own assessment of the credibility of witnesses or re-weigh the evidence.  Id. at 455.

"[A] prison disciplinary committee's determination derived from a statement of an unidentified inmate informant satisfies due process when (1) the record contains some factual information from which the committee can reasonably conclude that the information was reliable, and (2) the record contains a prison official's affirmative statement that safety considerations prevent the disclosure of the informant's name."  Zimmerlee v. Keeney, 831 F.2d

183, 186 (9th Cir. 1987). "Reliability may be established by: (1) the oath of the investigating officer appearing before the committee as to the truth of his report that contains confidential information, (2) corroborating testimony, (3) a statement on the record by the chairman of the committee that he had firsthand knowledge of sources of information and considered them reliable based on the informant's past record, or (4) an in camera review of the documentation from which credibility was assessed." Id. at 186-187. In addition, "[p]roof that an informant previously supplied reliable information is sufficient." Id. at 187.

In this instance, the SHO found that there was a conspiracy among several inmates, including Petitioner, to murder a peace officer. In finding Petitioner guilty the SHO concluded the following:

> The charge of conspiracy requires that the following criteria be met: two ore more individuals involved the proof of planning and an overt act. This criterion has clearly been established as initially several inmates agreed to commit battery on staff with the use of weapons. With the unfolding of this conspiracy, you were also named as an additional co-conspirator and accomplice who was prepared to "follow orders" in the attack to murder peace officers. Furthermore, evidence established through confidential information revealed that you knew about this plan, and agreed to be a co-conspirator in this plan to murder peace officers. A plan was also clearly formulated describing how the battery was to begin and that it would not end until staff members were dead. The discovery of a weapon in the cell of one of the co-conspirators coupled with a confidential source providing that a co-conspirator received several weapons for inspection and that he distributed the weapon(s) provides that an overt act did indeed occur.

(Id. at A-17.)

The SHO considered three confidential investigative reports which clearly and concisely set forth the details of the conspiracy to murder peace officers. The first confidential report was authored by Sergeant Minnick on January 26, 2005. The SHO found that "[t]he sources provided that under each of the above listed inmates there are approximately twenty (20) inmates who are willing and agreed to this conspiracy to Murder Peace Officers. You have been identified as a participant in this conspiracy to murder Peace Officers." (Exhibit 1, to Answer, at Exhibit B, A-13.) The reliability of this document was based on the facts that the source participated and successfully completed a CVSA, more than one source independently provided the same information, and through the investigation by Agent R. Marquez. (Id.)

The second confidential report was authored by Agent Marquez on February 25, 2005.

6

The reliability of this document was based on the facts that the source participated in and successfully completed a CVSA, more than one source independently provided the same information, and through investigation by Agent R. Marquez. (Id.)

The third confidential report was authored by Officer Dittman on May 2, 2005. This report documented that Petitioner was identified as communicating with other named inmates involved in the conspiracy and personally agreed to the plan. (Id. at A-14.) The reliability of the document was based on the facts that more than one source independently provided the same information, the source incriminated himself/herself in a criminal activity at the time of providing the information, and part of the information provided by the source(s) was already proven true. (Id.)

The conspiracy involved luring staff into vulnerable locations and staging a mock fight so that black inmates could attack predetermined peace officers to the point of their death. The confidential information also involved the plan to circumvent stab-resistant vests and the prison's emergency response procedures. A stabbing type inmate manufactured weapon was discovered in a co-conspirator's cell on January 24, 2005. (Id. at A-16.) The disciplinary report further states, "[c]onfidential information was received that several weapons were provided to this co-conspirator for inspections and distributed to other inmates. Another co-conspirator has identified this weapon as meant to be utilized for the murder of peace officers. This information is contained in incident package #HDP-FC8-05-01-0026 and is supported by confidential memorandum dated 01/25/05 authored by Sergeant Minnick and confidential memorandum dated 05/02/05 authored by Officer D. Dittman." (Id.) Based upon a review of the evidence presented and identified at the disciplinary hearing, there is "some evidence" to support the guilty finding of conspiracy to commit murder.

In sum, because Petitioner did not suffer a loss of good-time credits as a result of the rules violation, he cannot seek relief by way of § 2254. In any event, there is some evidence to support the guilty finding, and the state courts' determination of this issue was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d)(1),

(2).

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DENIED; and

2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 26, 2009**  /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE